IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
     :      CRIMINAL ACTION NO. 09-636-1
     v.      :
     :      CIVIL ACTION NO. 16-3501
     :
THOMAS JACKSON      :

## MEMORANDUM

**Chief Judge Juan R. Sánchez**      **March 24,  2022**

Defendant Thomas Jackson moves to vacate or set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.  Because Jackson is clearly entitled to relief under *Johnson v. United States*, 576 U.S. 591 (2015), the motion shall be granted.

**BACKGROUND**

On September 24, 2009, Jackson was charged along with a co-defendant, with the offenses of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e).  These charges arose out of a planned robbery of certain drug dealers in Bucks County, Pennsylvania.[1]  In furtherance of their plan, Jackson and his co-defendant discussed the manner in which they intended to bind and threaten the victims, and their intention to leave small amounts of cocaine behind to inhibit the victims from reporting the crime to police.  They also procured a 9 mm Ruger handgun loaded

---

[1] Jackson and his co-defendant unknowingly conspired to commit the robbery with a third individual who was a confidential informant for the Government.  They were arrested while en route to commit the intended crime.

1

with 7 rounds of ammunition for use in the commission of the robbery.  Jackson eventually pled guilty to all of the charges against him on May 10, 2010 and was thereafter sentenced to a total term of 160 months imprisonment, five years of supervised release, a special assessment of $300 and a $250 fine.  The Court subsequently shortened the term of imprisonment to 100 months on June 8, 2015.

Following the Supreme Court's decision in *Johnson*,[2] Jackson filed this motion to correct his sentence pursuant to 28 U.S.C. § 2255, asserting, *inter alia,* he was no longer an armed career criminal as a result of *Johnson's* invalidation of the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii).[3]  He further argued his § 924(c) conviction was unconstitutional because his predicate offense (conspiracy to commit Hobbs Act robbery) was no longer categorically a crime of violence.  In a supplemental memorandum filed on March 5, 2020, Jackson argues his § 924(c) conviction is also unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019). [4]  In its response, the Government does not contest Jackson's motion to vacate his conviction on the §

---

[2]    In *Johnson,* the Supreme Court held that the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague, and thus the imposition of an increased sentence under ACCA's residual clause violates due process. *Johnson* was held to be retroactively applicable to cases on collateral review in *Welch v. United States*, 578 U.S. 120, 130 (2016).

[3]  Because hundreds of motions were filed in the Eastern District seeking relief following issuance of the *Johnson* decision, on May 16, 2016, then-Chief Judge Tucker entered an administrative order staying all motions seeking collateral relief based on *Johnson* so that the motions could be prioritized and litigated in a logical sequence.  Jackson moved to lift the administrative stay on March 5, 2020, and his motion was granted on March 9, 2020.  The Government filed its response to Jackson's motion on August 14, 2020.

[4]  In *Davis*, the Supreme Court invalidated the similarly-worded residual clause in  the definition of a crime of violence in § 924(c)(3)(B) as unconstitutionally vague.

924(c) count (Count Two), and recommends that his period of supervised release relative to the remaining two counts be reduced from five to three years.[5]

## LEGAL STANDARDS

Under 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" and "claim the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The standards and process for adjudicating § 2255 motions are outlined in subsection (b), which reads:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

As the preceding language indicates, "a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255," but there are limitations on the exercise of that discretion. *United States v. Booth*, 432 F.3d 542, 545

---

[5] Jackson completed his term of imprisonment and was released on April 1, 2019 and is currently serving his five-year period of supervised release. Gov't's Resp. to Def's Mot. to Correct Sent. Under 28 U.S.C. § 2255, 2, ECF No. 147.

(3d Cir. 2005).  "A district court is required to hold an evidentiary hearing unless the motion and files and records of the case show conclusively that the movant is not entitled to relief."  *United States v. Scripps*, 961 F.3d 626, 631-632 (3d Cir. 2020).  Determining whether a hearing is necessary involves a two-pronged inquiry.  "First, the district court 'must consider as true all appellant's nonfrivolous factual claims.' "Second, it 'must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show'" any entitlement to relief.  *United States v. Arrington,* 13 F.4th 331, 334 (3d Cir. 2021) (quoting *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988)).  If the motion "alleges any facts warranting relief under § 2255 that are not clearly resolved by the record," the district court is "obliged to follow the statutory mandate to hold an evidentiary hearing."  *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005).  In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  *Gov't. of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  Bald assertions and conclusory allegations do not provide sufficient grounds to require an evidentiary hearing.  *United States v. Donahue*, 792 F. App'x 165, 168 (3d Cir. 2019).

**DISCUSSION**

Inasmuch as the basis for Jackson's motion is application of the *Johnson* decision and raises no unresolved factual matters, it presents legal questions only and a hearing is therefore not necessary here.  As noted, Jackson argues, and the Government concedes, that his § 924(c) conviction is properly vacated under *Johnson* and *Davis.*  Thus, Jackson's motion shall be granted, his conviction and sentence under § 924(c) shall be vacated, and he will be re-sentenced.

Jackson also asserts his armed career criminal designation is unconstitutional because he "does not have three qualifying predicate offenses under the portion of ACCA that remains valid

after *Johnson*.  He has two prior convictions for drug offenses that qualify as ACCA predicates," but "his only other prior convictions that arguably could have qualified as ACCA predicates are the two counts of aggravated assault committed on July 7, 2000," and "[u]nder binding Third Circuit authority, those aggravated assault convictions are not ACCA predicates."   Def's Mem. of Law in Supp. of Mot. to Correct Sent. Under 28 U.S.C. § 2255, 4, ECF No. 143.  On this point, Jackson relies on the Third Circuit's decision in *United States v. Mayo,* 901 F.3d 218 (3d Cir. 2018), and asserts that under that decision, his aggravated assault convictions under 18 Pa. C. S. § 2702 do not qualify as crimes of violence.  According to Jackson, because the records reflect only that he was convicted of violating 18 Pa. C. S. § 2702 and that the offenses were first degree felonies, it is unclear whether his convictions were for violations of § 2702(a)(1), which the Third Circuit found is **not** categorically a violent felony in *Mayo*.  Thus, notwithstanding his two prior ACCA-qualifying drug offenses, Jackson asserts he does not have the requisite third to warrant the ACCA sentencing enhancement.

The Government concedes that Jackson should be re-sentenced without the ACCA enhancement.  Thus, for this reason also, Jackson's § 2255 motion is granted and he shall be afforded a re-sentencing hearing.

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez

_____

Juan R. Sánchez,            C.J.